FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 13, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:22-CR-00148-MKD-1 |
| Plaintiff, | ORDER FOLLOWING DETENTION REVIEW HEARING |
| v. | |
| ZENON MORALES-CALDERON, | **MOTION DENIED** <br> **(ECF No. 44)** |
| Defendant. | **MOTION GRANTED** <br> **(ECF No. 45)** |

On February 8, 2023, the Court held a hearing to consider Defendant ZENON MORALES-CALDERON's opposed Motion to Modify Conditions of Release and unopposed Motion to Expedite, **ECF Nos. 44, 45**. Defendant appeared while in custody assisted by federally certified Spanish interpreter Bea Rump and was represented by represented by Attorney Lorinda Youngcourt. Legal Intern Gloria Herrera supervised by Special Assistant U.S. Attorney Freida Zimmerman represented the United States. U.S. Probation Officer Araceli Mendoza was also present telephonically.

The Court has reviewed Defendant's opposed Motion to Modify Conditions of Release, **ECF No. 44** and unopposed Motion to Expedite, **ECF No. 45**. Specifically, Defendant requests that the Court strike pretrial release Condition No. 16, which provides as follows:

ORDER - 1

    **(16)** Defendant shall participate in the following home confinement program(s):

    **GPS Monitoring**: Defendant shall participate in a program of GPS confinement. The Defendant shall wear, at all times, a GPS device under the supervision of U.S. Probation. In the event the Defendant does not respond to GPS monitoring or cannot be found, the U.S. Probation Office shall forthwith notify the United States Marshals' Service, who shall immediately find, arrest, and detain the Defendant. The Defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the U.S. Probation Office.

    Defendant shall report to U.S. Probation in the United States Courthouse upon release to affix the GPS Monitoring.

    AND

    **Curfew**: Defendant shall be restricted to his/her residence:

    every day from 9:00 p.m. to 5:00 a.m.

ECF No. 39 at 4.

    Defendant contends he "has been on supervised release[1] [sic] for almost three months without issue" and he is "paying monthly for the GPS monitoring with funds which could be better spent in paying rent to his family and other expenses." ECF No. 44 at 3. Defendant asserts that U.S. Probation "has no objection to removal of the conditions." *Id*.

    The Government opposes the Court striking the location monitoring condition and the curfew condition. While Defendant characterizes U.S. Probation's position as unopposed to Defendant's motion, the Court understands

---

[1] Defendant is not on supervised release. Defendant is awaiting trial and is on pretrial release pursuant to 18 U.S.C. § 3142.

ORDER - 2

U.S. Probation is also not affirmatively advocating for the removal of the location monitoring condition.

The Court previously denied the United States' motion for detention, ECF No. 6, and imposed a combination of conditions that the Court believes to be the least restrictive release conditions necessary to reasonably assure the appearance of Defendant as required and the safety of any other person and the community. *See* ECF Nos. 36, 42; *see also* 18 U.S.C. § 3142(c)(1)(B). As Defendant notes, Defendant has been on pretrial release and subject to the above-noted condition, along with various other conditions of release, since approximately November 4, 2022, with no violations. ECF No. 39. The Court previously issued a detailed Order explaining the Court's detention analysis. ECF No. 42. The Court may amend the release order to impose additional or different conditions of release at any time. 18 U.S.C. § 3142(c)(3).

Here, based on the unique facts of this case, the Court declines to strike or modify release Condition No. 16. In the Court's view, the pretrial release conditions imposed on November 3, 2022, remain the least restrictive release conditions necessary to reasonably assure the appearance of Defendant as required and the safety of any other person and the community. As set forth in the Court's prior Order, the Court has endeavored to fashion release conditions based on an individualized assessment of numerous factors present in this case, including the nature and circumstances of the allegations against Defendant, the weight of the evidence, Defendant's history and characteristics, and the nature and seriousness of the danger posed to the community by Defendant's release. ECF No. 42. Indeed, the Court would be derelict if it did not consider these factors as required by 18 U.S.C. § 3142.

Defendant's counsel, however, takes issue with the Court considering Defendant's ties to a foreign country. The Court reminds counsel that each

ORDER - 3

defendant presents to the Court with a unique set of facts and circumstances that the Court must evaluate. Here, it is uncontested that Defendant has ties to a foreign country and the Court is required to consider this circumstance along with all other facts and circumstances present in this case. Moreover, in this case, the United States has submitted transcripts of translations of two jail calls wherein Defendant and his brother discuss the possibility of Defendant returning to Mexico in the future and discuss Defendant's family providing him with affirmative support in Mexico to include land, a vehicle, and other support. ECF No. 27-1 at 4; ECF No. 27-2 at 8.

Specifically, in the first jail call on October 19, 2022, the following conversation occurs between Defendant and his brother[2]:

- BROTHER: Okay, that's good. Keep going and if the situation gets tough well can't change it now. What we are going to do is…I already talked with the guys. Don't get discouraged. I am already buying a plot of land in San Luis so that…Life is hard here its all fucking work here. Fucking north. ***We are going to support you with all that we can there if you end up going there.***
- DEFENDANT: In San Luis?
- BROTHER: Yeah, or where you want.
- DEFENDANT: Over there in the (inaudible), dude.
- BROTHER: Yes.
- DEFENDANT: The land is cheap there the one next to Sauces (willow tree).
- BROTHER: ***Yeah, I am, uh, we can buy a property over there and I'll send you some so***

---

[2] Defendant identified the date and the participants in this call. ECF No. 28 at 4.

ORDER - 4

|   |   |   |
|---|---|---|
| | | *that you can buy a pick up so you can be there and with my mom too to the Sauces.* |
| • | DEFENDANT: | Thank you brother. |
| • | BROTHER: | Yeah, no, I already talked to Miko and Ivan and *we will help you out for the property worse case.* We are going to fight...you put in your papers so you can...you know (inaudible) you know you can't go over there to Mexico.[3] |
| • | DEFENDANT: | Yeah. |

ECF No. 27-1 at 4. In the second jail call on October 20, 2022, the following conversation between Defendant and his brother occurs near the end of the call after Defendant initially spoke with his sister-in-law[4]:

|   |   |   |
|---|---|---|
| • | BROTHER: | Keep going on. And maybe...if you get out here we will support you *and if you go to Mexico over there we will (inaudible) we will support you with everything you need. If you want I can buy you a piece of land and a truck so you can be comfortable everywhere with mom.* |
| • | DEFENDANT: | Oh, thank you |

ECF No. 27-2 at 8.

---

[3] Defendant asserts the inaudible portion of this call alludes to Defendant's deceased brother who Defendant has proffered was murdered in Mexico. ECF No. 28 at 5. Defendant has further proffered that the murder of Defendant's brother is a reason Defendant will not willingly return to Mexico.

[4] Defendant also identified the date and the participants in this call. ECF No. 28 at 5-6.

ORDER - 5

The above discussions demonstrate that Defendant has not only general ties to Mexico, but also that if Defendant returns to Mexico, Defendant can affirmatively avail himself of land, a vehicle, and other support as directly promised by close family members. Defendant contends that these discussions relate to essentially worst-case scenario plans if Defendant were to be deported to Mexico in the future. Indeed, Defendant emphasizes portions of the same jail calls to demonstrate that Defendant intends to fight the charges he faces and that Defendant hopes to remain in the United States. This view is supported by the comments noted above wherein Defendant's brother states "[w]e are going to fight...you put in your papers so you can...you know (inaudible) you know you can't go over there to Mexico." ECF No. 27-1 at 4. Notably, the Court has agreed with Defendant's interpretation of these statements as suggesting not imminent flight, but rather promises of future support if Defendant is later forced to return to Mexico and the Court has imposed conditions of release that the Court believes are sufficient to both reasonably assure both Defendant's future appearance and the safety of the community. ECF Nos. 39, 42.

Nonetheless, the Court must still address the possibility that Defendant may <u>*later*</u> conclude that flight to Mexico—where he has been promised significant support in the form of land, a vehicle, and other support—is preferable to standing trial in the United States and risking a significant term of imprisonment followed by likely deportation. The Court must also consider that this case carries a potential mandatory minimum term of ten years imprisonment and up to a life term of imprisonment, all followed by a high likelihood of deportation if Defendant were to be convicted of either of the charged offenses. ECF No. 16. Defendant is now aware of the potential penalties in this case and the potential immigration consequences that may follow. Accordingly, to address this rather obvious concern, the Court has imposed the GPS monitoring condition and the curfew

ORDER - 6

condition as the least restrictive conditions the Court could impose to both deter and, if necessary, detect flight under the unique facts and circumstances of this case where an incentive to at least consider flight exists and where Defendant is aware that his family is prepared to support him in Mexico. If Defendant's counsel remains of the opinion that a GPS monitoring condition and a curfew condition are inappropriate and unduly burdensome release conditions in a case where Defendant has not only generalized ties to a foreign country but also where Defendant's family has specifically and repeatedly promised that if he later returns to that same country he will have access to land, a vehicle, and other support when Defendant is also facing a mandatory minimum sentence of ten years in federal prison followed by the possibility of deportation from the United States, Defendant is free to seek review of these release conditions by way of 18 U.S.C. § 3145.

Accordingly, **IT IS ORDERED** for the reasons stated in this Order and during the hearing:

1. Defendant's Motion to Expedite, **ECF No. 45** is **GRANTED**.
2. Defendant's Motion to Modify Conditions of Release, **ECF No. 44,** is **DENIED.**
3. If a party desires this Court to reconsider conditions of release because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), that party shall file a four-page motion for reconsideration succinctly stating what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel or Pretrial Services object, whether a hearing is desired, and whether a supplemental pretrial report is requested. This Court will treat the motion as expedited and submitted without argument and will set a hearing or issue other orders as may be appropriate.

ORDER - 7

    4.    If a party desires that another Court review this order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington. Both parties shall cooperate to ensure that the motion is promptly determined.

**IT IS SO ORDERED**.

DATED February 13, 2023.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 8